The United States District Court
For Western District of Oklahoma



FILED
DEC 1 4 2010
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY_____ DEPUTY

Steven Lee Craig )
1309 Hisel Rd. )
Del City, Oklahoma 73115 )
    Plaintiff )  CIV-10-1345 R
vs. )  Case No
)
The United States of America )  Complaint for Declaratory
Department of Homeland Security )  and Injunctive Relief
US Citizenship and Immigration )  Motions for Subpoena's
Service )  of Duces Tecum
    Defendant )

**Preliminary Appeal from Administrative Decision**

**Motion for Subpoena Duces Tecum**

to the

DHS/USCIS/AAO/U

**Motions for Subpoena's Duces Tecum**

to the Office of

DHS/USCIS/ FOIA Compliance

**Motion for Preliminary Injunction**

to the

DHS/USCIS

**Motion for Declaratory Judgement**

I

The United States District Court
For Western District of Oklahoma

NOW COMES, Steven Lee Craig, Claiming to be of the Constitutionally recognized form of Citizenship known as a 'natural born Citizen' of the United States of America, Article II Section I Clause V of the Constitution of the United States, seeking review pursuant the Administrative Procedures Act,5 U.S.C. § 701, et seq, Subpoena duces tecum pursuant 28 U.S.C Rule §§ 45, Preliminary Injunction pursuant 28 U.S.C. Rule §§ 65, Declaratory Judgement pursuant 28 U.S.C. § 2201, §§ Rule 57.

III. PARTIES

Plaintiff,    Steven Lee Craig
              1309 Hisel Rd.
              Del City, OK 73115

Defendant(s),    The United States of America

                 Janet Napolitano, Secretary
                 Department of Homeland Security

                 Michael Aytes, Acting Deputy Director, and/or
                 Perry Rhew, Chief, Administrative Appeals Office.
                 US Citizenship and Immigration Service

                 Washington, District of Columbia, Federal Zone

The United States District Court
For Western District of Oklahoma

## JURISDICTION AND VENUE

1. This case involves inaction of process under 8 USC Title 8 § 1103.3,.4

2. This case involves non-responsiveness to the NRC2009064630 FOIA request, 5 USC § 552, et seq,.

3. This case involves the apparent dissemination of unconstitutional information contained in a GPO printed publication under the color of authority of the DHS/USCIS.

4. This case further arises under the Constitution and laws of the United States and presents a federal question within this Court's jurisdiction under Article III of the Constitution and 28 U.S.C. § 1331, § 1343 (a)(3)(4), § 1346 (a)(2), 1402 (a)(1).

5. Venue is proper in this Court under 28 U.S.C. § 1391(e)(3).

The United States District Court
For Western District of Oklahoma

Facts

1.    Plaintiff has seeks to confirm the assertion of citizenship conformity to the Constitutional idiom of natural born Citizen by applying to the United States Citizenship and Immigration Service, USCIS, with application on the Form N-600, Certification of Citizenship with the proviso of stipulating that the attached documents to the application confirm the Applicants assertion of being a 'natural born Citizen of the United States, insofar as citizenship is concerned.

2.    Plaintiff does not assert that the Statutes providing for a N-600, Certification of Citizenship, 8 U.S.C. § 1452, specifically supports the application for and issuance as sought herein. Plaintiff does assert that it is not specifically prohibited and that due to the reorganization of the Immigration and Naturalization Service, INS, into a Service under the Umbrella of the Department of HOMELAND Security and renamed the US CITIZENSHIP and Immigration Service, along with certain assertions made within a publication of the USCIS since its inception, it is reasonable for the Plaintiff to assume the ability of the USCIS as a Service under the DHS to be capable of and not barred from providing the Certification as requested as a remedy to the lack of legal recourse by any other means for Plaintiff to

The United States District Court
For Western District of Oklahoma

acquire 'legal' acknowledgement of conformity to the enunciated form of citizenship in Article II Section I Clause V of the Constitution, insofar as Citizenship is concerned, notwithstanding the attempts by Senate Resolutions and or elections to the office of POTUS/V-POTUS, a 'legally' acknowledged Constitutional definition of requisite circumstances, conditions and or requirements to assert conformity remains undeclared.

> The power of an administrative agency to administer a congressionally created . . . program necessarily requires the formulation of policy and the making of rules to fill any gap left, implicitly or explicitly, by Congress.
>
> *Morton v. Ruiz,* 415 U.S. 199, 231 (1974). If Congress has explicitly left a gap for the agency to fill, there is an express delegation [p844] of authority to the agency to elucidate a specific provision of the statute by regulation. Such legislative regulations are given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute. [n12] Sometimes the legislative delegation to an agency on a particular question is implicit, rather than explicit. In such a case, a court may not substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency. [n13]
>
> We have long recognized that considerable weight should be accorded to an executive department's construction of a statutory scheme it is entrusted to administer, [n14] and the principle of deference to administrative interpretations has been consistently followed by this Court whenever decision as to the meaning or reach of a statute has involved reconciling conflicting policies, and a full understanding of the force of the statutory policy in the given situation has depended upon more than ordinary knowledge respecting the matters subjected to agency regulations.
>
> *See, e.g., National Broadcasting Co. v. United States,* 319 U.S. 190; *Labor Board v. Hearst Publications, Inc.,* 322 U.S. 111; *Republic Aviation Corp. v.* [467 U.S. 845] *Labor Board,* 324 U.S. 793; *Securities & Exchange Comm'n v. Chenery Corp.,* 332 U.S. 194; *Labor Board v. Seven-Up Bottling Co.,* 344 U.S. 344.

The United States District Court
For Western District of Oklahoma

> ... If this choice represents a reasonable accommodation of conflicting policies that were committed to the agency's care by the statute, we should not disturb it unless it appears from the statute or its legislative history that the accommodation is not one that Congress would have sanctioned.
>
> *United States v. Shimer,* 367 U.S. 374, 382, 383 (1961). *Accord, Capital Cities Cable, Inc. v. Crisp, ante* at 699-700.
>
> Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc. (No. 82-1005)

3. Plaintiff asserts that had the Congress had a Declaratory Judgement emanating from the Judiciary establishing the 'legal' Constitutional definition of the idiom of natural born Citizen at ANY TIME in the history of the voluminous legislation regarding "Citizenship, Immigration and Naturalization" the thought may have entered their minds to make the N-600, Certification of Citizenship, available to any person that may have desired to test their conformity to the conditions expressed in such a Declaratory Judgement.

4. When reading Sec. 341. 8 U.S.C. § 1452 it is found that the legislative history of those that are alien foreign nationals with the least bit of tenuous connection to US Citizenship is afforded the benefit of applying with a N-600, Certification of Citizenship and upon receipt of the application by the administrative authority of the time the applicant is automatically linked to and afforded "Standing" for judicial review should the Administrative Decision be less than desired. The 'Doctrine of Standing' is without a doubt tried and true as a mechanism allowing the courts to proceed shielding its-self and potential Defendants from novel, frivolous and otherwise

The United States District Court
For Western District of Oklahoma

unsupportable assertions of a Plaintiff, however in this instance, when addressing the underlying subject matter, there is no legislative nor judicial history of precedents with which to bar the Plaintiff from the Standing position before this Court but for its technical construction of 'on the one hand, and on the other' of the adversarial system, which would require the one to deny the existence of a 'legal' definition of the Constitutional idiom of natural born Citizen and the other to simply point to the Constitution.

5.    The USCIS Regional office has determined that the reason to deny the fullness of Plaintiff's application is, in part, because Plaintiff is a Citizen of the US, therefore they need do no more. Statutorily that may be correct, however it becomes an unequal protection when on the one hand it is acknowledged certain distinctions exist and on the other deny access to the Certification of one so situated within the determinable distinction.

6.    The local USCIS office denied the application on USCIS letterhead dated December 22nd, 2009, stating that the birth certificate supplied indicated that by being born in the State of Oklahoma that Plaintiff is a citizen by birth and that they;   "... need not issue you anything further."

The United States District Court
For Western District of Oklahoma

7.  Appeal was accepted by the USCIS Local Field Office under the Rules and dated by the processing date of required fee on January 25th, 2010, although it had been addressed as directed to USCIS AAO/MS2090, 20 Massachusetts Ave. NW, Washington DC 20529 on January 11th, 2010.

The Appeal asserts that the USCIS has assumed the authority to determine an individuals conformity to the requirements of the form of citizenship found in Article II Section I Clause V of the Constitution as indicated in the USCIS produced and disseminated publication 'The Citizens Almanac', M-76, as found on page 4, notwithstanding the usage of a **juxtaposition** of words not found in the Constitution.

> **Right to run for elected office.**
>
> U.S. citizenship is required for many elected offices in this country.
>
> Naturalized U.S. citizens can run for any elected office they choose with the exception of President and Vice President of the United States, which require candidates to be ***native-born citizens.***(emphasis added)

The United States District Court
For Western District of Oklahoma

In spite of being beyond the regulatory time allowed for processing the decision on the question of the Appeal from the USCIS Decision the response from the AAO/U remains pending which is the cause of action to this court, in that, statutorily, all Administrative remedies to the rights the Plaintiff has asserted have been exhausted.

> Title 8: PART 1103.3
> (2) *AAU appeals in other than special agricultural worker and legalization cases* —(i) *Filing appeal.* The affected party shall file an appeal on Form I–290B. Except as otherwise provided in this chapter, the affected party must pay the fee required by §1103.7 of this part. The affected party shall file the complete appeal including any supporting brief with the office where the unfavorable decision was made within 30 days after service of the decision.
>
> (iii) *Favorable action instead of forwarding appeal to AAU.* The reviewing official shall decide whether or not favorable action is warranted. Within 45 days of receipt of the appeal, the reviewing official may treat the appeal as a motion to reopen or reconsider and take favorable action. However, that official is not precluded from reopening a proceeding or reconsidering a decision on his or her own motion under §103.5(a)(5)(i) of 8 CFR chapter I in order to make a new decision favorable to the affected party after 45 days of receipt of the appeal.
>
> (iv) *Forwarding appeal to AAU.* If the reviewing official will not be taking favorable action or decides favorable action is not warranted, that official shall promptly forward the appeal and the related record of proceeding to the AAU in Washington, DC.]

The United States District Court
For Western District of Oklahoma

8.     Concurrent with applying for the N-600, Certification of Citizenship acknowledging conformity and being a natural born Citizen, insofar as citizenship is concerned, Plaintiff submitted a FOIA request seeking all information regarding the inclusion of the passage on Page 4 of 'The Citizens Almanac', M-76.  Time allowed for the response from the FOIA Compliance Office of the DHS/USCIS is 6 months and it was 6 months to the day that the request was answered with the statement that there was no information responsive to the request.

Plaintiff made efforts to clarify the non-responsive response with direct e-mails. The results of the communications exchange was the 'apparent' acknowledgement by the DHS/USCIS/FOIA Compliance office that there was 'no authorization' for the inclusion of the subject passage on page #4 of the publication.

Plaintiff forwarded requests to voluntarily suspend dissemination of the publication to the DHS/USCIS executive officers and after a period of time filed a Motion for Preliminary Injunction, 10-649, which was dismissed by order of this Court for the lack of fullness of requisite elements of a Bone Fide case and controversy.

The United States District Court
For Western District of Oklahoma

### Count 1

SUBPOENA DUCES TECUM, 28 U.S.C §§ 45

Plaintiff incorporates by reference all of the foregoing allegations as if set forth herein at length.

9.   Plaintiff alleges that the USCIS has the unnecessarily delayed the Appeal to the AAO/U denying Plaintiff due process and moves for a Subpoena Duces Tecum, 28 USC §§ 45, compelling the DHS / USCIS / AAO/U to deliver to the court the 'Application and Appeal File' complete with all attachments, notes of actions, memo's, administrative communications and ex parte communications, as applicable.

### Count 2

SUBPOENA DUCES TECUM, 28 U.S.C §§ 45

Plaintiff incorporates by reference all of the foregoing allegations as if set forth herein at length.

10.   Plaintiff alleges that the DHS/USCIS/FOIA Compliance Office delivered non-responsive responses to questions that being left unanswered indicates no one in authority authorized the Un-Constitutional juxtaposition of words found in the subject paragraph of the request on Page #4 of "The Citizens Almanac', M-76.

The United States District Court
For Western District of Oklahoma

Therefore Plaintiff moves for a Subpoena Duces Tecum, 28 USC §§ 45, compelling the DHS / USCIS /FOIA Compliance Office to deliver to the court a full and complete record of activities and the results in the attempts to respond to Plaintiff's FOIA requests.

## Count 3

### Preliminary Injunction 28 USC §§ 65

Plaintiff incorporates by reference all of the foregoing allegations as if set forth herein at length.

11.     Plaintiff asserts that, notwithstanding any other consideration incorporated herein, the publication of the DHS/USCIS, "The Citizenship Almanac", M-76, is not now nor has it ever been in concord with the idiom of natural born Citizen as enunciated within the Constitution making it an obligation upon the court to halt its dissemination pending a determination of by what authority it was included in the publication, and or, the Constitutionality of the juxtaposition of wording used.

The United States District Court
For Western District of Oklahoma

### Count 4

Declaratory Judgement  28 U.S.C. § 2201, §§ Rule 57

Plaintiff incorporates by reference all of the foregoing allegations as if set forth herein at length.

12.    The issue of who is a "natural born citizen" in conformity with Article 2 Section 1 Clause 5 is an issue of legal interpretation outside the Constitutional authority of the Congress and the Executive Branch.

The judicial branch interprets the promulgated laws of this nation which may give rise to 'cases and controversies' and where no such statutes exist it rests upon the Courts to interpret the requirements of the Constitution when remedies are otherwise found lacking and yet deemed appropriate.

In this instance it is the very fact of the proscription upon the Congress preventing promulgation of a 'law' which would provide a statutory definition upon the subject matter idiom when it is required that the Congress necessarily yields to the Separation of Powers when looking toward those Article's of the Executive.

The United States District Court
For Western District of Oklahoma

It is only by an Amendment could the Congress come close to asserting its imprimatur upon the idiom, however, lacking a 'legal' definition prior to an Amendment, then any definition given within such an Amendment would again become subject to judicial review, requiring the defining of the original definition, meaning and intent by the Judiciary in order to make the determination if the 'Amended' definition, meaning and intent is indeed Constitutional.

The 'cart' has been hitched 'before' the horse on this issue far too long. This action is intended to place the elements of the question of the definition of the Constitutional idiom of natural born Citizen in the proper order and context; i.e., in the 1st instant it is a 'citizenship' question with the 'transient political aspect' being secondary to its nature.

It is not necessary for the Plaintiff to assert a definition, meaning and intent of the subject idiom, and, notwithstanding the documents attached to the N-600 Application for Certification of Citizenship indicating that Plaintiff is in conformity to the Constitutional usage of natural born Citizen and the statements and citations previously submitted in support of the assertion, Plaintiff makes no further assertions as to the 'legal' Constitutional

14

The United States District Court
For Western District of Oklahoma

definition, meaning and intent of the Constitutional idiom of natural born Citizen, but rather, Plaintiff asserts that it is the duty and obligation of this court, under the Oaths of Office, to seek, determine, define and Declare the 'legal' Constitutional definition, meaning and intent of the Constitutional idiom of natural born Citizen as found in Article 2 Section 1 Clause 5 of the Constitution, while looking narrowly to the Founding Documents, the Declaration of Independence, the Articles of Confederation, the Constitutions of the various States and the Constitution its-self, acknowledging the lack of any Amendments or Statutes that may have abridged, enlarged and or modified the idiom in any way since the day it was written into the Clause of the Constitution, notwithstanding the repeal of the 1790 naturalization Act by the Congress of 1795.

> Marbury v. Madison 5 U.S. 1 Cranch 137 pg 174;
>
> "It cannot be presumed that any clause in the Constitution is <u>intended</u> to be without effect, ......"
>
> Elk Grove Unified School District et al v. Newdow, 542 U.S. 1 (2004).
> Justice O'Connor, concurring in the opinion;
>
> "There are no de minimis violations of the Constitution -- no constitutional harms so slight that the courts are obliged to ignore them".

The United States District Court
For Western District of Oklahoma

Insofar as Plaintiff is aware there have been no other 'persons' of any sort who have approached the Court seeking acknowledgement of the 'legal' Constitutional definition of the idiom of natural born Citizen, insofar as Citizenship is concerned, by way of Declaratory Judgement so that it may be compared to their own circumstances of citizenship condition.

Plaintiff speculates that if the construction of the subject Clause were to read; 'No one but a person selected from that portion of the citizenry that are the natural born Citizens SHALL be....." it would be more plain to comprehend the fundamental nature of the subject idiom to the Representative Republic and perhaps it would not have been left to this Plaintiff to ask the Constitutional question nor left to this Court to embrace or rebuff the effort.

> "The question of whether a statutory provision has a mandatory or directory character is one of statutory construction. . . . 'Shall' is considered presumptively mandatory unless there is something in the context or the character of the legislation which requires it to be looked at differently.".
>
> As Sir Ernest Gowers explained, "[t]he story is a *very old one* of the drowning Scot who was misunderstood by English onlookers and left to his fate because he cried, 'I *will* drown and nobody *shall* save me'."
>
> [Tillman, Nora and Tillman, Seth Barrett, A Fragment on Shall and May (May 27, 2010). American Journal of Legal History, Vol. 50, p. 453, 2010 (peer reviewed) (available on Westlaw only). Available at SSRN: http://ssrn.com/abstract=1029001]

16

The United States District Court
For Western District of Oklahoma

### Prayer

Wherefore the Plaintiff prays for the following relief;

1. SUBPOENA DUCES TECUM, 28 U.S.C §§ 45 so as to complete the Court record of the considerations made and actions taken in response to Plaintiffs N-600 Application for Certification of Citizenship and subsequent Appeal, designated as File # A087672698 and still pending and being out of time 8 CFR § 1103.3 (iii)(iv)

2. SUBPOENA DUCES TECUM, 28 U.S.C §§ 45 so as to complete the Court record of the considerations made and actions taken in response to Plaintiffs FOIA request NRC2009064630 regarding the passage on page #4 of 'The Citizens Almanac', M-76.

3. Preliminary Injunction 28 USC §§ 65 directed to the DHS/USCIS to halt the continued dissemination of the publication known as 'The Citizens Almanac', M-76 pending the Courts determination whether the information contained therein is in conformity with Constitutional requirements.

4. Declaratory Judgement 28 U.S.C. § 2201, §§ Rule 57 stating the 'legal' Constitutional definition of the idiom of natural born Citizen found in Article II Section I Clause V of the Constitution, insofar as 'citizenship' is concerned, for Plaintiff's purposes, being sufficient; leaving consideration of any 'transient political aspects' to the concerns of the Court.

By leave of the Court I pray it be so ordered

The United States District Court
For Western District of Oklahoma


Pro Se, In Forma Pauperis

_____

Steven Lee Craig

1309 Hisel Rd.

Del City, Oklahoma 73115

405-670-1784

slcraigre@aol.com